C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

PAMELA HANSON,                                    :
                                                  :    **MEMORANDUM DECISION AND**
                          Petitioner,             :    **ORDER**
                                                  :
        - against -                               :    23-cv-6847 (BMC)
                                                  :
                                                  :
GOVERNOR HOCHUL and PRESIDENT                     :
USA,                                              :
                                                  :
                          Respondent.             :
                                                  :
-------------------------------------------------------- X

**COGAN**, District Judge.

       Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 from her 2016 conviction

for second degree murder and fourth degree grand larceny in Kings County, New York.  She

previously sought this same relief on the same grounds in the Northern District of New York,

where Judge Brenda K. Sannes denied it on the merits.  Hanson v. Hochul, No. 23-cv-822, 2023

WL 5350989 (N.D.N.Y.  Aug. 21, 2023).  As Judge Sannes explained, petitioner is not

challenging the proceedings that led to her conviction, but, rather, she wants a decision on her

clemency petition from the Governor of New York.[1]  She asserts that she filed that clemency

petition in March 2023 and believes she is entitled to have it determined by now.

       Judge Sannes considered whether, instead of denying the petition, the proceeding before

her should be transferred to this district, where plaintiff's conviction occurred, or the Western

District of New York, where her executive clemency proceeding is pending.  Judge Sannes

---

[1] Despite the caption of this proceeding, it does not appear that petitioner has sought relief from the executive branch of the federal government, and in any event, the President has no authority to commute state court sentences.  See United States Constitution Article II, Section 2, Clause 1 (limiting pardon and commuting power to "Offenses against the United States …".

decided that although venue before her was improper, transfer was not appropriate because it is well settled that "clemency proceedings are not part of the trial – or even of the adjudicatory process … They are conducted by the executive branch, independent of direct appeal and collateral relief proceedings," Hanson, 2023 WL 5350989, at *2 (quoting Trisvan v. Ercole, No. 07-cv-4673, 2007 WL 4224815, at *1 (E.D.N.Y. Nov. 27, 2007) (internal quotation marks and citations omitted).  Because the invocation of that executive power is entirely discretionary with the state, McKithen v. Brown, 626 F.3d 143, 151-52 (2d Cir. 2010), petitioner "cannot challenge the constitutionality of any procedures available to vindicate an interest in state clemency." Dist. Attorney's Off. for Third Jud. Dist. v. Osborne, 577 U.S. 52, 67-68 (2009) (cleaned up).  Judge Sannes recognized that although the usual procedure for an improperly venued case is transfer to the proper venue, dismissal is appropriate when the case is plainly without merit.

Although plaintiff has recommenced her proceeding in the proper district court, it fails again for the same reason that Judge Sannes stated: Section 2254 does not allow a district court to order the Governor of New York to decide a clemency petition.  Filing it in the proper forum does not create a claim where there never was one.

The only remaining question is whether I should transfer the instant proceeding to the Second Circuit as a "second or successive" habeas corpus proceeding under 28 U.S.C. §§ 1631 and 2244(b)(3), her proceeding before Judge Sannes having been the first.  A transfer is not necessary if the petition is plainly without merit, see Santiago v. United States, 222 F. Supp. 3d 353 (S.D.N.Y. 2016), and that is the case here.

I need not provide petitioner with another opportunity to be heard on whether review of executive clemency proceedings is within the scope of habeas corpus because she already has had notice that it is not, as that was the basis of Judge Sannes' decision, and petitioner has failed

to address that point in her refiling here.  Accordingly, the petition is denied and the case is dismissed.  No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because "the applicant has [not] made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *In forma pauperis* status is denied for purposes of an appeal as an appeal would not be taken in good faith.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       September 17, 2023